# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD BARTOLETTI, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 07-439 |
| COUNTY OF BEAVER, *et al,* ) | Chief Judge Ambrose |
| ) | Magistrate Judge Caiazza |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is recommended that the Motion to Dismiss filed by the County of Beaver, the Beaver County Prison Board and William Shouppe (Doc. 5) be granted. It is further recommended that the claims against John and Jane Doe Corrections Officers be dismissed, without prejudice, pursuant to Rule 4(m), and that Southern Health Partners, Motion to Dismiss (Doc. 11) be granted, and that the claims against Southern Health Partners be dismissed without prejudice for lack of service.

### II. REPORT

Richard Bartoletti, Jr. ("Bartoletti" or "the Plaintiff") is currently on medical furlough from incarceration at the Beaver County Prison. In his counseled Complaint, filed pursuant to the provisions of 42 U.S.C. §1983, Bartoletti alleges several constitutional violations occurring during his incarceration at the Beaver County Prison dating from April 4, 2005, through May

15, 2005, when he was placed on a medical furlough. He asserts that prison employees denied him necessary medical care for his diabetes, forced him to wear poorly fitted shoes that caused his toes to bleed, assaulted him, mocked him, and denied him a proper diabetic diet which necessitated the insertion of a feeding tube.

Bartoletti, unfortunately, fails to identify in his Complaint the persons who allegedly committed these acts. Instead, he has named two corrections officers, John Doe and Jane Doe, and two medical personnel defendants, identified again as John Doe and Jane Doe. He also names as Defendants the County of Beaver, the Beaver County Prison, the Beaver County Prison Board, the Warden of the Prison and Southern Health Partners –the contract medical provider for the Beaver County Prison.

Counsel has entered her appearance for Beaver County, the Beaver County Prison and Warden Shouppe; appearances have also been entered for Southern Health Partners and John and Jane Doe Medical Personnel Defendants. No appearance has been entered for Defendants John and Jane Doe, Corrections Officers.

Beaver County, the Beaver County Prison Board and Warden Shouppe have filed a Motion to Dismiss (Docs. 5). Southern Health Partners, which considers itself improperly identified as John and Jane Doe Medical Personnel, has also filed a Motion to Dismiss (Doc. 11). The Plaintiff has responded to these Motions, and they are now ripe for disposition.

**A. The Applicable Standard**

The standard that a court applies with respect to a Rule 12(b)(6) motion is that dismissal is appropriate if no relief could be granted under any set of facts that could prove consistent with the allegations in the Complaint. Hishon v. Spalding, 467 U.S. 69, 73 (1984); Bartholomew v. Fischl, 782 F.2d 1148, 1152 (3d Cir.1986). Additionally, the Supreme Court recently clarified the Rule 12(b)(6) standard in Bell Atlantic Corporation v. Twombly. ___ U.S. ___, 127 S. Ct. 1955 (2007). Specifically, the Court "retired" the language in Conley v. Gibson, 355 U.S. 41, (1957), in which the court stated that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief." Twombly, 127 S. Ct. at 1968 (citing Conley, 355 U.S. at 45-46)). Instead, the Supreme Court instructed that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.[1]

**B. The Analysis**

    1.    The Beaver County Prison.

---

1. A pro se complaint, "however inartfully pleaded", is subject to more liberal review than a district court's review of pleadings prepared by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Here, however, the Plaintiff is represented by counsel. Hence, the more forgiving standard of review is not applicable here.

**A. The Applicable Standard**

The standard that a court applies with respect to a Rule 12(b)(6) motion is that dismissal is appropriate if no relief could be granted under any set of facts that could prove consistent with the allegations in the Complaint. Hishon v. Spalding, 467 U.S. 69, 73 (1984); Bartholomew v. Fischl, 782 F.2d 1148, 1152 (3d Cir.1986). Additionally, the Supreme Court recently clarified the Rule 12(b)(6) standard in Bell Atlantic Corporation v. Twombly. ___ U.S. ___, 127 S. Ct. 1955 (2007). Specifically, the Court "retired" the language in Conley v. Gibson, 355 U.S. 41, (1957), in which the court stated that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief." Twombly, 127 S. Ct. at 1968 (citing Conley, 355 U.S. at 45-46)). Instead, the Supreme Court instructed that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.[1]

**B. The Analysis**

    1.    The Beaver County Prison.

---

1. A pro se complaint, "however inartfully pleaded", is subject to more liberal review than a district court's review of pleadings prepared by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Here, however, the Plaintiff is represented by counsel. Hence, the more forgiving standard of review is not applicable here.

The Plaintiff concedes that the Beaver County Prison is not an entity separate from the County of Beaver and should be dismissed as a Defendant in this case.

2. Respondeat Superior

Defendants County of Beaver, the Beaver County Prison Board and Warden Shoupe seek to dismiss claims against them on the basis that the Plaintiff has failed to allege their personal involvement. Officials may be liable under Section 1983 for the acts of those over whom they have supervisory responsibility. Supervisory liability, however, may not be premised solely upon a theory of *respondeat superior.* Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988). Some personal involvement must be alleged. Id. Supervisory liability for Section 1983 violations can be established by evidence showing that officials: participated in violating a plaintiff's rights; directed others to violate a plaintiff's rights; knew of, and acquiesced in, their subordinates' violation of a plaintiff's rights; or knew of, and tolerated, past or ongoing misbehavior. Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 & n.3 (3d Cir.1995).

Further, municipal entities, like Beaver County, can only be liable if the alleged unconstitutional action implemented or executed "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers [or] is visited pursuant to governmental 'custom' even though such a

custom has not received formal approval through the body's official decision making channels." Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1977). A custom, which lacks the formal approval of a policy, can be established by evidence showing "practices . . . so permanent and well settled as to constitute 'custom or usage' with the force of law." Id. at 690. In Simmons v. City of Philadelphia, 947 F.2d 1042 (3d Cir. 1991), cert. denied, 503 U.S. 985 (1992), the court held that a municipal entity may be found liable for Section 1983 violations where "officials determined . . . to be the responsible policymakers" were aware of the alleged practice of their subordinates, as well as alternatives to such practices, and that they "either deliberately chose not to pursue these alternatives or acquiesced in a long standing policy or custom of inaction in this regard." Simmons, 947 F.2d at 1064.

A supervising public official has no affirmative duty to supervise and discipline to prevent violations of constitutional rights by his or her subordinates. Notwithstanding, when a supervising official knowingly permits a continuing custom or policy that results in harm to the plaintiff, Section 1983 liability may attach. Colburn v. Upper Darby Township, 838 F.2d 663, 673 (3d Cir.1988), cert. denied, 489 U.S. 1065 (1989). However, at a minimum such liability may be imposed "only where there are both (1) contemporaneous knowledge of the offending

incident or knowledge of a prior pattern of similar incidents, and (2) circumstances under which the supervisor's inaction could be found to have communicated a message of approval to the offending subordinate." Id.

In this case, Bartoletti alleges generally that a "policy or custom" existed, but fails to plead any facts in support of this bare assertion; *i.e.*, he does not identify the policy or custom, nor does he indicate what part the named Defendants played in adopting or permitting the purported policy or custom. There are, for example, no allegations that any prisoner other than Bartoletti was ever denied appropriate medical care, or that the supervisory defendants had any prior knowledge of similar occurrences at the Beaver County Prison. In fact, the only assertion in the Complaint attributing knowledge to any named defendant is an allegation that Bartoletti sent a letter of complaint to Warden Shouppe in March, 2007, nearly two years after the alleged constitutional violations occurred. No factual allegations are made concerning the Prison Board or the County of Beaver.

At most, Bartoletti's factual allegations support a finding that the John and Jane Doe Corrections Officer Defendants denied him medical care and exhibited a personal animus towards him. There are, however, no allegations supporting a long-standing practice, or that any prisoner other than Bartoletti was

mistreated. That said, the Plaintiff fails to allege a "policy" or "custom" and, therefore, the Motion to Dismiss should be granted with respect to Defendants Beaver County and the Beaver County Prison Board. Robus v. Pennsylvania Dept. of Corrections, 2006 WL 2060615 (E.D.Pa., 2006)("Robus fails to allege that the various delays in his medical treatment stemmed from a policy or practice; indeed, the amended complaint provides no basis for concluding that the delays were anything but isolated incidents."); McTigue v. City of Chicago, 60 F.3d 381, 382-383 (7th Cir.1995)("boilerplate allegations of a municipal policy, entirely lacking in any factual support that a [municipal] policy does exist, are insufficient.... The absence of any facts at all to support plaintiff's claim renders the allegations mere legal conclusions of section 1983 liability devoid of any well-pleaded facts.") (citation and internal quotation omitted); Dashley v. Corr. Med. Servs., 345 F.Supp.2d 1018, 1022 (E.D.Mo .2004) (dismissing a claim because the complaint "describes [discrete] actions taken by [prison health] employees, without any ratiocination of how these instances relate to an official ... policy or practice").

For the same reasons, Bartoletti has failed to state a claim against Defendant Shouppe. See, e.g., Rode, 845 F.2d at 1207 (supervisory liability may not be premised solely on a theory of *respondeat superior.*); Jefferson v. Wolfe, 2006 WL 1947721, at

*17 (W. D. Pa. 2006)(denial of grievance or appeal on final review insufficient to establish personal involvement in alleged underlying violation); Watkins v. Horn, 1997 WL 566080 at * 4 (E.D.Pa. 1997)(concurrence in an administrative appeal process is insufficient to establish personal involvement).

Since all of the claims against Defendants County of Beaver, the Beaver County Prison Board and Warden Shouppe should be dismissed, there is no need to reach the additional argument made by these parties; *i.e.,* that the Plaintiff failed to exhaust the available administrative remedies.

3. John and Jane Doe Defendants (Corrections Officers).

Under Federal Rule of Civil Procedure 4(m), service must be made upon a Defendant within 120 days after the filing of a complaint. The Complaint in this action was filed on April 3, 2007. There is no indication that the John and Jane Doe Corrections Officer Defendants have been served with the Complaint. Because of the Plaintiff's failure to effectuate service, the claims against John and Jane Doe Corrections Officer Defendants should be dismissed, without prejudice, pursuant to Federal Rule of Civil Procedure 4(m).

4. Southern Health Partners.

Southern Health Partners move to dismiss the Complaint for failure to serve. Indeed, the record reflects that service has not been made. Southern Health asserts, in argument, that a copy

of the Complaint was mailed to opposing counsel on July 26, 2007.

Rule 4 of the Federal Rules of Civil Procedure requires that a copy of the summons and complaint be delivered to the defendant or his appointed agent personally, or be left "at his dwelling house or usual place of abode with some person of suitable age and discretion" who resides there. Fed. R. Civ.P. 4(e)(2). Service by mail is permitted pursuant to Rule 4(d) –but also requires service of a waiver form, and a grant of additional time to respond. Absent a completed waiver, service must be accomplished by other means, although the Plaintiff may seek the accrued service costs. No service has been made to date on Southern Health Partners, and that entity should be dismissed, without prejudice, pursuant to Rule 4(m).

5. <u>John and Jane Doe Medical Personnel</u>.

Although counsel representing Southern Health Partners has filed a Motion to Dismiss, no such motion has been filed on behalf of the John and Jane Doe Medical Personnel Defendants. Consequently, the claims raised in the Complaint are unaffected by the instant Motion.

In sum, it is recommended that the Motion to Dismiss filed by the County of Beaver, the Beaver County Prison Board and William Shouppe (Doc. 5) be granted. It is further recommended that the claims against John and Jane Doe Corrections Officers be dismissed, without prejudice, pursuant to Rule 4(m), and that the

claims against Southern Health Partners be dismissed without prejudice for lack of service.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by February 15, 2008.


February 1, 2008                s/Francis X. Caiazza
                                Francis X. Caiazza
                                United States Magistrate Judge