# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD BARTOLETTI, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 07-439 |
| COUNTY OF BEAVER, *et al*, ) | Chief Judge Ambrose |
| ) | Magistrate Judge Caiazza |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is recommended that the Motion to Dismiss filed by Defendants John Doe, Jane Doe, Medical Personnel (Doc. 15) be granted in part and denied in part, and that the Motion to Dismiss filed by Southern Health Partners (Doc. 27) be granted in part and denied in part.

### II. REPORT

Richard Bartoletti, Jr. ("Bartoletti" or "the Plaintiff") is currently on medical furlough from incarceration at the Beaver County Prison. In his counseled Complaint, filed pursuant to the provisions of 42 U.S.C. §1983, Bartoletti alleges several constitutional violations occurring during his incarceration at the Beaver County Prison dating from April 4, 2005, through May 15, 2005, when he was placed on a medical furlough. He asserts that prison employees and medical personnel denied him necessary medical care for a diabetic condition, forced him to wear poorly

fitted shoes that caused his toes to bleed, assaulted him, mocked him, and denied him a proper diabetic diet which necessitated the insertion of a feeding tube.

Bartoletti does not name in his Complaint the persons who allegedly committed these acts. Instead, he claims that two unidentified corrections officers, John Doe and Jane Doe, and two unidentified medical personnel Defendants, again John Doe and Jane Doe, are the persons who acted, or failed to act, in this case. He also names as Defendants the County of Beaver, the Beaver County Prison, the Beaver County Prison Board and the Warden of the Prison. The Beaver County entities have been dismissed from this suit, and the claims against the Doe corrections officers have been dismissed for lack of service (Doc. 26).

On July 11, 2007, Attorney Ninosky entered his appearance on behalf of "Southern Health Partners ([e]rroneously identified [in the Complaint] as John and Jane Doe Medical Personnel)" (Doc. 8). Southern Health Partners thereafter filed a Motion to Dismiss (Doc. 11) which was granted without prejudice since the Plaintiff had not properly served the Complaint (Doc. 26). No motion was made on behalf of John and Jane Doe Medical Personnel. On February 11, 2008, a "Waiver of Service of Summons" was filed, signed by Attorney Ninosky on August 24, 2007, on behalf of "Southern Health Partners" (Doc. 17).

A Motion to Dismiss has been filed on behalf of John and Jane Doe Medical Personnel (Doc. 15) asserting that no claim has been stated against them, and that service has not been made upon them. However, the August, 2007, waiver of service of summons executed on behalf of Southern Health Partners effectively functions as a waiver for the John and Jane Doe Medical Personnel Defendants as well, since counsel indicated in his entry of appearance in July, 2007, that Southern Health Partners had been "erroneously identified" in the Complaint as John and Jane Doe, and that he was acting on behalf of the party identified. In the Court's view, a waiver of service on behalf of John and Jane Doe Medical Personnel has been executed, and service has been effectuated. That being said, the Motion to Dismiss should be denied to the extent that it alleges a lack of service.

Further, the Complaint in this case includes allegations claiming that the Plaintiff was denied medical care by John and Jane Doe Medical Personnel for his diabetes, resulting in severe injury. These allegations are sufficient to state a claim for deliberate indifference to a serious medical need. <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1978)(in the context of a claimed denial of medical treatment, an inmate must show two elements to demonstrate a violation of his rights as protected by the Eighth Amendment: 1) that he was suffering from a "serious" medical need; and 2) that the prison officials were "deliberately

indifferent" to the serious medical need.). Consequently, the Motion to Dismiss should be denied on this basis as well.

Lastly, the Doe Defendants seek dismissal of the negligence claim pled against them because the Plaintiff failed to file a certificate of merit as required under Pennsylvania law. Pennsylvania law requires that "[i]n any action based upon an allegation that a licensed professional deviated from an acceptable professional standard" a certificate of merit must be filed within sixty days after the complaint is filed. Pa. R.C.P., Rule 1042.3; See, Rodriguez v. Smith, 2005 WL 1484591 (E.D.Pa.2005)(agreeing with other district courts "that [Pennsylvania Rule of Civil Procedure 1042.3] should be applied by federal courts as controlling substantive law under Erie R.R. v. Tompkins, 304 U.S. 64 . . . (1938), and its progeny," dismissing a *pro se* prisoner's medical malpractice claim for failure to submit the required certificate). The Plaintiff concedes that he has not filed the required certificate, but asserts that he has not identified the "professional status" of the Doe Defendants and, accordingly, a certificate of merit is not required. Bartoletti's argument lacks merit.

The Doe Defendants are identified in the Complaint as "medical personnel" at the prison, and they are alleged to have failed to provide "medically appropriate" care. By setting out these facts in his Complaint, Bartoletti has clearly alleged that

these Defendants acted outside of a professional standard of care. Further, the certificate requirement applies to nurses as well as physicians. See Pa. R.C.P., Rule 1042.1(b)(1)(i), (vii). It would be folly for this court to find that the Plaintiff should be excused from filing the required certificate of merit based upon a deficient pleading. Consequently, the Motion to Dismiss the negligence claim should be granted.

As for Defendant Southern Health Partners, that entity also moves to dismiss Bartoletti's Complaint because no underlying claim for deliberate indifference has been sufficiently pled (Doc. 27). That claim has been disposed of with respect to the allegations pled against the Medical Personnel Doe Defendants and that finding is equally applicable to Southern Health Partners. Second, Southern Health Partners asserts that Bartoletti's Section 1983 claim is premised solely on vicarious liability. Southern Health Partners, however, is neither named nor identified in the Complaint. Considering the allegations set out in Bartoletti's Complaint, there is no meaningful way to discern whether Southern Health Partners is liable for the actions of its employees. Consequently, the Motion to Dismiss should be denied, and Bartoletti will be provided the opportunity to amend his Complaint to include Southern Health Partners as a named Defendant.

Lastly, Southern Health Partners seeks dismissal of the

professional negligence claim against it on the basis that no certificate of merit was filed. Once again, that argument has merit because certificates of merit are required with respect to negligence actions pled against corporations as well individual defendants. <u>Gondek v. Bio-Medical Applications of Pennsylvania, Inc.</u>, 919 A.2d 283 (Pa. Super. 2007). This claim should be dismissed.

In sum, it is recommended that the Motion to Dismiss filed by Defendants John Doe and Jane Doe, Medical Personnel (Doc. 15) be granted with respect to the medical negligence claim but denied in all other respects, and that the Motion to Dismiss filed by Southern Health Partners (Doc. 27) be granted with respect to the medical negligence claim but be denied in all other respects.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by July 28, 2008.


July 10, 2008                     s/Francis X. Caiazza
                                  Francis X. Caiazza
                                  United States Magistrate Judge